IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SCOTTSDALE INSURANCE
COMPANY,

   Plaintiff,

     v.

NO PUNCHES PULLED SECURITY,
LLC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-2165-TWT

ORDER

This is a declaratory judgment action. It is before the Court on the Defendant's Motions to Dismiss [Docs. 3, 11], which are DENIED.

I. Introduction

Lane Company/Commons R-4, LLC hired No Punches Pulled Security to provide security services at a construction site in Atlanta, Georgia. On July 24, 2005, someone set fire to the property. According to Lane, the security guard from No Punches Pulled Security was asleep in his car when the fire was set. On June 30, 2009, Lane sued No Punches Pulled Security in the Superior Court of Fulton County, seeking to recover damages caused by the fire. Scottsdale Insurance Company, who insured No Punched Pulled Security from May 2005 to May 2006, now seeks a

declaratory judgment from this Court that it has no duty to defend or indemnify No Punches Pulled Security in the underlying dispute.

## II.  Standard

A complaint should be dismissed under Rule 12(b)(1) if the Court lacks subject matter jurisdiction.  Unlike in a Motion to Dismiss under Rule 12(b)(6), when a defendant challenges the court's jurisdiction under Rule 12(b)(1) on factual grounds, the court is free to weigh the evidence and need not view the facts in the light most favorable to the plaintiff.  Carmichael v. Kellogg, Brown & Root Services, Inc., 572 F.3d 1271, 1279 (11th Cir. 2009).

## III.  Discussion

A complaint seeking declaratory relief must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil, 312 U.S. 270, 273 (1941).  An insurance company's complaint for declaratory relief is justiciable if there is a dispute as to its obligations under an insurance policy.  Id.  Here, Scottsdale says that it has no duty to defend or indemnify No Punches Pulled Security because it did not receive notice of the fire until May 8, 2009, nearly four years after it occurred.

The parties dispute whether the policy includes coverage for "errors and omissions." However, even if it does, the errors and omissions coverage, like the commercial general liability coverage, clearly requires the insured to notify Scottsdale as soon as practicable of any error or omission - in this case, the security guard's alleged negligence - which may result in claim. (Am. Compl., Ex. F at 4.) Because Scottsdale alleges that it did not receive notice of the July 2005 fire until May 2009, there is a justiciable controversy regarding its obligations to defend or indemnify No Punches Pulled Security in the underlying dispute.

## IV.  Conclusion

For the reasons stated above, the Defendant's Motions to Dismiss [Docs. 3, 11] are DENIED.

SO ORDERED, this 23 day of July, 2010.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge