IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SCOTTSDALE INSURANCE
COMPANY,

   Plaintiff,

   v.

NO PUNCHES PULLED SECURITY,
LLC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-2165-TWT

<u>ORDER</u>

This is an insurance coverage dispute. It is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 82] and the Defendant's Motion for Summary Judgment [Doc. 89]. For the reasons listed below, the Plaintiff's Motion for Summary Judgment [Doc. 82] is DENIED, and the Defendant's Motion for Summary Judgment [Doc. 89] is DENIED.

I. <u>Introduction</u>

Lane Company/Commons R-4, LLC hired No Punches Pulled Security ("NPPS") to provide security services at a construction site in Atlanta, Georgia. On July 24, 2005, someone set fire to the property. According to Lane, the security guard from NPPS was asleep in his car when the fire was set. Following the fire, NPPS

made no attempt to directly notify its insurer, Scottsdale Insurance Company, about the incident. Although NPPS told Patrick Brown, a subagent of Scottsdale Insurance Underwriters, it explicitly directed Brown not to notify Scottsdale.

On April 18, 2008, Scottsdale received a subrogation demand letter from Chubb Insurance Company, the property insurer of the damaged construction site. Enclosed with Chubb's subrogation letter was a copy of a letter that Chubb had sent to NPPS on February 17, 2006, notifying NPPS of its claim and directing NPPS to "forward this letter immediately to [its] liability insurance company so that they may be put on formal notice of this claim." (Compl., Ex. D.) Scottsdale replied to Chubb on May 21, 2008, disclaiming coverage for Chubb's claim due to NPPS's breach of the notice provisions in the insurance policy. (Am. Compl., Ex. D-2.) On June 30, 2009, Lane sued NPPS in the Superior Court of Fulton County, seeking to recover damages caused by the fire. Scottsdale now seeks a declaratory judgment from this Court that it has no duty to defend or indemnify No Punches Pulled Security in the underlying dispute.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.   Discussion

#### A.   Applicable Coverage

Scottsdale issued policy No. CLS1136740 to NPPS in 2005. Neither party can locate the original agreement. It is undisputed that the policy includes Commercial General Liability (CGL) coverage. The parties disagree, however, about whether the policy includes errors and omissions coverage. Because Lane seeks coverage under the errors and omission coverage part only, Scottsdale moves for summary judgment on the basis that the policy does not include this type of coverage. Form GLS-172s, the errors and omissions coverage form, is not in the electronic underwriting file for NPPS's 2005-2006 policy, and the form is not listed on the Schedule of Forms and Endorsements. Based on this evidence, it appears that the form was not intended to be issued with the policy. But there is also evidence that Form GLS-172s was

intended to be issued with the policy. For example, the Extension of Supplemental Declarations attached to the policy refers to Form GLS-172s for purposes of a premium calculation. Based on this evidence, Scottsdale is not entitled to summary judgment on the basis that the policy does not include this type of coverage.

B.  Applicable Notice Provision

Scottsdale also moves for summary judgment based on NPPS's failure to provide notice. The parties dispute whether the GLS-172s notice provision, which requires NPPS to notify Scottsdale as soon as practicable of an error or omission that may result in a claim, applies. Lane argues that the inadvertent omission of Form GLS-172s would mean that NPPS is entitled to the coverage provided by the form but is not subject to the terms and conditions of the form. Under Georgia law, however, "[i]nsured persons . . . are presumed to know [the] conditions [of a policy] if they intend to rely upon its benefits," even "when not having physical possession of it." Southeastern Sec. Ins. Co. v. Empire Banking Co., 230 Ga. App. 755, 756 (1998). This is particularly true where, like here, the policy at issue is a renewal policy. Id. Accordingly, whether the errors and omissions coverage part applies or not, NPPS was required to give notice of the fire as soon as practicable.

C.    Sufficiency of Notice

It is undisputed that NPPS did not directly notify Scottsdale of the July 2005 fire until 2008, after Scottsdale received a subrogation demand letter from Chubb Insurance Company. It is also undisputed that NPPS told Patrick Brown, an insurance agent at the Steve Roberts Agency, about the fire several weeks after it occurred. Lane argues that Brown was authorized as a subagent of Scottsdale to receive notice of claims from policyholders. "Independent insurance agents or brokers are generally considered the agent of the insured, not the insurer." See Southeastern Exp. Systems, Inc. v. Southern Guar. Ins. Co. of Georgia, 224 Ga. App. 697, 700 (1997). In some cases, however, an insurer may expressly delegate limited authority to an independent insurance agent. In those cases, notice to the agent "of any matter connected with his agency shall be notice to the principal." O.C.G.A. § 10-6-58. Here, a subagency agreement between Scottsdale Insurance Underwriters (Scottsdale's managing general agent) and the Steve Roberts Agency expressly states that the Steve Roberts Agency, as a limited subagent of SIU, must notify SIU immediately upon receiving knowledge of a claim. (Def.'s Mot. for Summ. J., Ex. L § J(2).) Accordingly, any notice given to Brown is imputed to Scottsdale.

Still, Scottsdale argues that it is entitled to summary judgment because NPPS's notice was insufficient under the terms of the contract. First, NPPS expressly directed

Brown not to notify Scottsdale. Although Brown advised NPPS to notify Scottsdale and provided NPPS with information on how to notify the company, NPPS still decided not to notify Scottsdale. (Brown Dep. at 48-52, 76-79, 81-83.) Second, NPPS did not provide all of the information required by its insurance contract. "The purpose of notice is to enable the insurer to inform itself promptly concerning the accident, so that it may investigate the circumstances, prepare for a defense, if necessary, or be advised whether it is prudent to settle any claim arising therefrom." Southeastern Exp. Systems, Inc. v. Southern Guar. Ins. Co. of Ga., 224 Ga. App. 697, 701 (1997). Consistent with this purpose, the notice provisions in both the CGL form and Form GLS-172s require notice to include: (1) how, when, and where the incident took place; (2) the names and addresses of any injured persons and witnesses; and (3) the nature and location of any injury or damage arising out of the event. (Pl.'s Mot. for Summ. J., Ex. A at 10, Ex. B at 4.) Brown does not remember NPPS providing any of this information about the fire. (Pl.'s Br. in Resp. to Def.'s Mot. for Summ. J., Ex. C at ¶¶ 3-4.) The parties dispute whether these shortcomings preclude coverage. Under Georgia law, whether a party gave adequate notice to its insurer is a question of fact to be resolved by the jury. State Farm Mut. Auto. Ins. Co. v. Sloan, 150 Ga. App. 464, 466 (1979) ("As is true generally with regard to issues relating to reasonableness and sufficiency of compliance with stated conditions, questions of the

adequacy of the notice . . . are ones of fact which must be resolved by a jury as they are not susceptible to being summarily adjudicated as a matter of law."). Here, a reasonable jury could decide either way. Accordingly, neither party is entitled to summary judgment.

## IV.  Conclusion

For the reasons listed above, the Plaintiff's Motion for Summary Judgment [Doc. 82] is DENIED, and the Defendant's Motion for Summary Judgment [Doc. 89] is DENIED.

SO ORDERED, this 19 day of August, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge